**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**BOBBY HERRON**                                                                                **PLAINTIFF**

**v.**                                                       **No. 3:13CV99-M-V**

**WARDEN TIMOTHY OUTLAW, ET AL.**                                  **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Bobby Herron, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff claims that he was found guilty of several rule violations and punished by loss of 135 days of privileges, a recommendation for custody review, and a reduction in custody status. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

On October 31, 2012, Bobby Herron received three citations for violation of prison rules: (1) inciting a riot, (2) refusing to obey an order by staff, and (3) disrespectful, vulgar, obscene, or threatening language. At a November 8, 2012, disciplinary hearing the hearing officer told Herron that he had been ordered to find Herron guilty, no matter what the evidence revealed. Herron was found guilty of all three infractions based upon the staff report of the incident, but he was not allowed to call any witnesses. The officer providing the report was not actually present during the time of the infractions. As a result of these findings, Herron lost 135 days of privileges, had his custody reviewed, was reduced to "C" custody, and was moved to another facility. He seeks a transfer to the Marshall County Correctional Facility, money damages, and

expungement of the rule violation reports from his institutional record.

## *Sandin*

The punishment Herron faced simply does not rise to the level sufficient to warrant due process protection under the Constitution. In view of the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the plaintiff has failed to set forth a claim which implicates the Due Process Clause or any other constitutional protection. As the Court noted, "States may under certain circumstances create liberty interests which are protected by the Due Process Clause [, but] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In the *Sandin* case, the discipline administered the prisoner was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id*., the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

The application of *Sandin* under these facts – the intentional removal of any meaningful opportunity to be heard – is harsh. Herron was told that he would be found guilty of the rule infraction – no matter what. The penalties exacted, however, do not rise to a level sufficient to

trigger Due Process protections under the holding in *Sandin, supra*. Loss of privileges, reduction in custody status, and transfer to another facility are "within the expected parameters of the sentence imposed by a court of law," and do not constitute an "atypical and significant hardship . . . in relation to the normal incidents of prison life." *Sandin*, 115 S.Ct. at 2300-2301. As such, even though it appears that the deprivation of a fair hearing was intentional, the instant case must be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 22nd day of May, 2013.

                                      **/s/ MICHAEL P. MILLS**
                                      **CHIEF JUDGE**
                                      **UNITED STATES DISTRICT COURT**
                                      **NORTHERN DISTRICT OF MISSISSIPPI**